Battle, J.
 

 The only exception assigned by the defendant McKay, in his bill of exceptions, is that the presiding Judge refused to charge the jury “that if McKay authorised the
 
 *61
 
 survey for bis own benefit be would not be liable for tbe acts of "Withers (bis co-defendant) done in his absence upon tbe land of tbe plaintiff, at a place where tbe Blount grant did •not lap upon it, although these acts were committed by mistake, and not wilfully, in the prosecution of tbe survey.”
 

 Tbe case states that no exception was taken to the charge as to Withers. We understand from this, that his liability for the trespass committed upon the plaintiff’s land in making the survey, is admitted. If this be so, and we see no reason to doubt it, we are unable to discover any difference in the principle applicable to his case and that of the defendant McKay. They were equally interested in the land surveyed and in the survey. It is true that McKay was not active in employing the surveyor, but he certainly acquiesced in it, and assisted actively in making á part of the survey. ITe was not present, indeed, on the day when the trespass was committed, but he knew that the survey was to be prosecuted and did not countermand it.
 

 But it is said for him that the surveyor was the officer of the law, and he was not, on that account, responsible for the acts of one whom he had no right to control. It does not appear that the person employed'was the County surveyor, and therefore that reason fails. But if he were the County surveyor, nothing iá shown to make it compulsory upon the defendants to employ him rather than any other surveyor. But if that were conceded, the conclusion which the defendant McKay wishes to draw from" it does not necessarily follow. It is certain that a sheriff is an officer of the law, and the only one whom a party can, in many cases, employ to levy an execution; yet a plaintiff may be liable who goes with him or gives him directions, and by mistake he seizes the goods of a wrong person. The fact is, that the surveyor was acting as much for the one defendant as the other; because they were both interested in the land surveyed, and though in different ways, they both assented to the survey. The surveyor was acting under the express or implied directions of both, and they are equally responsible for his acts, and for the acts of
 
 *62
 
 each other, done in the scope of the business. There is no error.
 

 Pee Curiam. Judgment affirmed,